UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TUAN MINH LY,

    Petitioner,

       v.                       CAUSE NO. 3:26-CV-107-CCB-SJF

BRIAN ENGLISH,

    Respondent.

## **OPINION AND ORDER**

Immigration detainee Tuan Minh Ly, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The respondent has answered the petition. ECF 7. While Ly did not file a reply brief, the time for him to do so expired on March 5, 2026, and he has not asked for an extension. ECF 3. The petition is ready to be decided.

## BACKGROUND

Ly is a Vietnamese citizen who entered the United States as a refugee in 1998. ECF 7-1 at 49. On July 12, 2012, an immigration judge ordered him removed to Vietnam. *Id.* at 17. On April 25, 2013, Immigration and Customs Enforcement (ICE) released Ly on an Order of Supervision. *Id.* at 6-9. On October 13, 2025, California law enforcement arrested him for driving without a license, and he was transferred to ICE custody the following day. *Id.* at 46. He is currently held at the Miami Correctional Facility. ECF 1.

According to the petition, Ly does not have a Vietnamese passport, birth certificate, proof of nationality, or any family connections in Vietnam. *Id.* at 7.

On February 9, 2026, the respondent filed a status update representing that the government had not acquired travel documents for Ly's removal to Vietnam and that it was unlikely that he would be removed within the next thirty days. ECF 6. In the response brief, the respondent represents that ICE has requested travel documents from Vietnam and that the request remains pending. ECF 7 at 3. In support of these facts, the respondent relies on the declaration from an ICE officer. *Id.* However, with respect to ICE's efforts to remove Ly, that declaration states only as follows:

> 7. My office continues to work with the Headquarters Removal Management Division to attempt to obtain travel documents to remove Petitioner to Vietnam.

> 8. Vietnam is regularly issuing travel documents after verifying individuals' identities through this process. There are ongoing commercial removals of aliens to Vietnam.

ECF 7-2 at 3.

### SUBJECT MATTER JURISDICTION

The respondent first argues that the court lacks subject matter jurisdiction over Ly's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 20260 (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

<u>MERITS</u>

Regarding the merits of the petition, the respondent first argue that Ly's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention pending execution of a removal order. However, beyond the "removal period,"[1] which for Ly ended more than a decade ago, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the

---

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Ly has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable.

To start, the respondent identifies Vietnam as the sole country under consideration for removal. Ly does not have a Vietnamese passport, birth certificate, proof of nationality, or any family connections in Vietnam. The government did not remove Ly during his initial detention period in 2012 and 2013 despite holding him for nine months or in any of the years since. His immediate term of detention now spans six months. The court finds that this showing suggests that Vietnam has and will refuse to accept Ly for removal and constitutes good reason to believe that there is no significant likelihood of Ly's removal in the reasonably foreseeable future.

To rebut this showing, the respondent offers: (1) an unsupported representation that the request for travel documents remains pending with Vietnam; (2) an attestation that ICE is working to attempt to obtain travel documents; and (3) an attestation that Vietnam is regularly issuing travel documents and that there are ongoing removals to Vietnam. This showing does not persuade the court that Ly's removal is likely to occur within the reasonably foreseeable future. It does not explain why efforts to remove Ly will be successful now when they were unsuccessful in 2012 and 2013. It is unclear whether a request for travel documents has been submitted to Vietnam, and, even if it has, it remains unclear why travel documents have not been obtained after six months of detention. Though the respondent offers evidence that Vietnam has "regularly" issued travel documents, he offers no further clarification, such as estimated or historic

4

timelines for when Vietnam issues travel documents or whether there is anything unusual about Ly's application that might reasonably lead to rejection or a prolonged delay. Consequently, the court finds that the respondent has not adequately demonstrated that Ly's removal will occur within the reasonably foreseeable future. Therefore, the respondent must release Ly.

For these reasons, the court:

(1) **GRANTS** the petition for writ of habeas corpus (ECF 1) and **ORDERS** the respondent to release Tuan Minh Ly on the same conditions of supervised release that existed before his re-detention and to certify compliance with this order by filing a notice with the court by **April 17, 2026**;

(2) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release; and

(3) **ORDERS** that any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on April 15, 2026

> /s/ *Cristal C. Brisco*
> CRISTAL C. BRISCO, JUDGE
> UNITED STATES DISTRICT COURT